```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LANAE JAMES,<br><br>            Plaintiff,<br>    v.<br><br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>       Civil Action<br>   No. 16-cv-06506 (JBS-AMD)<br><br>         **OPINION** |

APPEARANCES:

Lanae James, Plaintiff Pro Se
8 Oak Walk, Crestbury Apartments
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

   1.   Plaintiff Lanae James seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

   2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. As the CCCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

6.   Plaintiff may be able to amend the complaint to name state actors who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.   Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges she experienced unconstitutional conditions of confinement between 1997 and 2014. Complaint § III. The complaint states in its entirety: "I was held in a cell [with] five other inmates and I had to sleep on the floor." *Id.* Even accepting the statement as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

(1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

    9.    As Plaintiff may be able to amend her complaint to address the deficiencies noted by the Court,[1] the Court shall

---

[1] To the extent the complaint seeks relief for conditions Plaintiff encountered during confinements prior to October 5, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of her detention; therefore, the statute of limitations for some of Plaintiff's claims expired sometime between 1999 and 2016, respectively. In the event Plaintiff elects to file an amended complaint, she should focus on facts of her 2014 confinement, if it occurred within the statute of limitations.

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

10.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

11.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

12.  An appropriate order follows.

 

 **January  18, 2017**         s/ Jerome B. Simandle
Date                                    JEROME B. SIMANDLE
                                         Chief U.S. District Judge

---

[2] The amended complaint shall be subject to screening prior to service.